Robert J. Reagan
William Thomas McLain
Darren Robert Hatch
REAGAN McLAIN & HATCH, LLP
White Rock Tower, Suite 300
6510 Abrams Road
Dallas, Texas 75231
(214) 691-6622
(214) 691-2984 (telecopy)

*Attorneys for MHC Financial Services, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ARMADA LEASING, LLC | § | Case No. 17-32498-11 |
| | § | |
| HIGH COUNTRY | § | Case No. 17-32503-11 |
| TRANSPORTATION, INC., | § | |
| | § | [Jointly Administered Under |
| Debtors. | § | Case No. 17-32498-11] |
| | § | |
| | § | Chapter 11 |

***Motion of MHC Financial Services, Inc. for Relief from the "ORDER CONFIRMING THE THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF HIGH COUNTRY TRANSPORTATION, INC. AND ARMADA LEASING, LLC"***

TO THE HONORABLE BANKRUPTCY JUDGE:

MHC Financial Services, Inc. ("MHC Financial"), in accordance with Rule 60 of the Federal Rules of Civil Procedure as made applicable to these "jointly administered" Chapter 11 bankruptcy cases by Bankruptcy Rule 9024, files its "***Motion of MHC Financial Services, Inc. for Relief from the "ORDER CONFIRMING THE THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF HIGH COUNTRY TRANSPORTATION, INC. AND ARMADA***

***LEASING, LLC...***" and respectfully states:

***Introduction***

1. Pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record...[, and t]he court may do so on motion or on its own, with or without notice...."

2. Similarly, pursuant to Rule 60(b)(1) and (6) of the Federal Rules of Civil Procedure, "On motion and just terms, the court may relieve a party...from a final judgment...[or] order...for the...reasons...[of] mistake, inadvertence..., or excusable neglect...[, or] any other reason that justifies relief...."

3. The "**ORDER CONFIRMING THE THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF HIGH COUNTRY TRANSPORTATION, INC. AND ARMADA LEASING, LLC**" that was recently signed and entered in connection with these "jointly administered" Chapter 11 bankruptcy cases back on June 5, 2018, and which is incorporated by reference herein for all purposes, likewise incorporates a certain "**STIPULATION REGARDING CLAIMS OF MHC FINANCIAL SERVICES, INC.**" (see docket entry number 299 in the Armada Leasing, LLC Chapter 11 case). A true and correct copy of the "**STIPULATION REGARDING CLAIMS OF MHC FINANCIAL SERVICES, INC.**" is attached hereto as "**EXHIBIT A**[,]" and it is also incorporated by reference herein for all purposes.

4. The "**STIPULATION REGARDING CLAIMS OF MHC FINANCIAL SERVICES, INC.**[,]" however, contains a significant $126,372.83 mistake relative to MHC Financial and the amount of the "...MHC Secured Claim..." in the Armada Leasing, LLC and High

Country Transportation, Inc. Chapter 11 cases, as stated therein; and by this "***Motion...***[,]" MHC Financial seeks to correct that mistake.

***Factual Background***

5. The Debtors in these cases, Armada Leasing, LLC and High Country Transportation, Inc. (collectively, the "Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code thereby commencing these "jointly administered" Chapter 11 bankruptcy cases back on June 29, 2017.

6. At the time of the filing of the Debtors' Chapter 11 cases last June, Armada Leasing had eight separate accounts with MHC Financial (one "lease account," and seven "retail accounts") relating to three 2015 Kenworth trucks (all three of which related to the "lease account") and twenty-one 2016 Kenworth trucks (all of which related to the "retail accounts"), the payment of which was all "guaranteed" by High County Transportation, among others.

7. Last September, and in accordance with the terms of the "expedited surrender procedure process" previously approved by the Court in connection with the Debtors' Chapter 11 cases last July,[1] Armada Leasing "surrendered" to MHC Financial all three of the 2015 Kenworths, and ten of the twenty-one 2016 Kenworths, and MHC Financial subsequently, and promptly, disposed of all thirteen of the "surrendered" Kenworths. The roots of the $126,372.83 mistake that MHC Financial hereby seeks to correct, however, trace back to all of this.

[1] The "expedited surrender procedure process" generally described above is embodied in that certain "**ORDER ON DEBTOR'S MOTION...FOR ENTRY OF AN ORDER...APPROVING ABBREVIATED NOTICE AND SALE PROCEDURES...**" which was entered in the Debtors' "jointly administered" Chapter 11 bankruptcy cases back on July 27, 2017 (see docket entry number 56 in the Armada Leasing Chapter 11 case).

8. Specifically, with Armada Leasing's post-petition return of the thirteen Kenworths to MHC Financial, as generally described above, MHC Financial made some rather aggressive downward adjustments to the Armada Leasing accounts "on the system," but then MHC Financial failed to subsequently, and appropriately, go back and readjust the numbers "on the system" to reflect the actual results of MHC Financial's dispositions of all of the various returned Kenworths; and as a result of all of MHC Financial's uncorrected downward adjustments to the Armada Leasing accounts last fall (again, "on the system"), the recent "system payoff quotes" for the Armada Leasing accounts, as embodied in the attached "**STIPULATION REGARDING CLAIMS OF MHC FINANCIAL SERVICES, INC.**[,]" were significantly understated (by $126,372.83 according to MHC Financial's calculations).

***Request for Relief***

9. Pursuant to Rule 60 of the Federal Rules of Civil Procedure, again, as made applicable to the Debtors' Chapter 11 cases by Bankruptcy Rule 9024, MHC Financial hereby requests that the Court sign an order correcting the mistake previously made by MHC Financial relative to the amount of the "...MHC Secured Claim..." in the Debtors' Chapter 11 case, as same was erroneously stated in the attached "**STIPULATION REGARDING CLAIMS OF MHC FINANCIAL SERVICES, INC.**[,]" with the correct amount of the "...MHC Secured Claim..." in the Debtors' Chapter 11 case actually being $1,116,272.66, and not $989,899.83 as previously, and erroneously, stated.

WHEREFORE, PREMISES CONSIDERED, MHC Financial Services, Inc. respectfully requests that, after notice and hearing, the Court grant this "***Motion of MHC Financial Services, Inc. for Relief from the "ORDER CONFIRMING THE THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF HIGH COUNTRY TRANSPORTATION, INC. AND ARMADA LEASING, LLC...***[;]" that the Court sign and cause to be entered in this case an appropriate order granting MHC Financial the relief as requested in paragraph 9 above; and that the Court grant MHC Financial such other and further relief as is just.

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242, BEFORE 4:30 O'CLOCK P.M. ON JULY 13, 2018, WHICH IS TWENTY-FOUR (24) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR MHC FINANCIAL PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON THIS MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.**

Respectfully submitted,

/s/ William Thomas McLain

Robert J. Reagan
State Bar No. 16630980
William Thomas McLain
State Bar No. 13737680
Darren Robert Hatch
State Bar No. 24047386

REAGAN McLAIN & HATCH, LLP
White Rock Tower, Suite 300
6510 Abrams Road
Dallas, Texas 75231
(214) 691-6622
(214) 691-2984 (telecopy)

*Attorneys for MHC Financial Services, Inc.*

***Certificate of Conference***

I hereby certify that conferences have been held with the Debtors' counsel in this case, Mr. David L. Curry, Jr., concerning the issues raised, and the relief requested, in the above and foregoing "***Motion of MHC Financial Services, Inc. for Relief from the "ORDER CONFIRMING THE THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF HIGH COUNTRY TRANSPORTATION, INC. AND ARMADA LEASING, LLC...***[,]" but, to date, this matter has not been resolved.

/s/ William Thomas McLain
William Thomas McLain

***Certificate of Service***

I hereby certify that on June 19, 2018, a true and correct copy of the above and foregoing "***Motion of MHC Financial Services, Inc. for Relief from the "ORDER CONFIRMING THE THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF HIGH COUNTRY TRANSPORTATION, INC. AND ARMADA LEASING, LLC...***" was served via the Court's "ECF" notification system.

I hereby further certify that on June 19, 2018, a true and correct copy of the above and foregoing "***Motion of MHC Financial Services, Inc. for Relief from the "ORDER CONFIRMING THE THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF HIGH COUNTRY TRANSPORTATION, INC. AND ARMADA LEASING, LLC...***" was also served by First Class United States Mail, postage prepaid, on each of the parties identified in the attached "**LIMITED SERVICE LIST**[.]"

/s/ William Thomas McLain
William Thomas McLain

**EXHIBIT A**

Matthew S. Okin
Texas Bar No. 00784695
David L. Curry, Jr.
Texas Bar No. 24065107
**OKIN ADAMS LLP**
1113 Vine St, Suite 201
Houston, Texas 77002
Tel: 713.228.4100
Fax: 888.865.2118
mokin@okinadams.com
dcurry@okinadams.com

Raymond J. Urbanik
Texas Bar No. 20414050
**OKIN ADAMS LLP**
3811 Turtle Creek Blvd.,
Suite 780
Dallas, Texas 75219
Tel: 214.382.4995
Fax: 888.865.2118
rurbanik@okinadams.com

Attorneys for the Debtors

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **ARMADA LEASING, LLC** | § | **Case No. 17-32498-11** |
| | § | |
| **HIGH COUNTRY TRANSPORTATION, INC.,** | § | **Case No. 17-32503-11** |
| | § | |
| | § | **[Jointly Administered Under Case No. 17-32498-11]** |
| | § | |
| | § | |
| **Debtors.** | § | **Chapter 11** |

**STIPULATION REGARDING CLAIMS OF MHC FINANCIAL SERVICES, INC.**
**[Relates to Doc. No. 295]**

Armada Leasing, LLC and High Country Transportation, Inc. (the "Debtors") and MHC Financial Services, Inc. ("MHC," and collectively with the Debtors, the "Parties"), hereby enter into this stipulation (the "Stipulation") regarding the Third Amended Joint Chapter 11 Plan of Reorganization of High Country Transportation, Inc. and Armada Leasing, LLC.[1]

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

## BACKGROUND

1. On June 29, 2017 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court").

2. Pursuant to 11 U.S.C. §§ 1107(a) and 1108, the Debtors are operating their businesses and managing their property as debtors in possession. No trustee or examiner has been appointed in these cases.

3. The Debtors operate a trucking transportation business headquartered in Dallas, Texas. What started as a single-truck operation, hauling grain from Dove Creek, Colorado to Northern Utah in 1985, has since expanded in size, scope, and geographic reach. The Debtors now provide transportation services to customers throughout the continental United States.

4. Part of the Debtors' pre-petition restructuring efforts involved a partial exit of the Dry Van Division to discontinue employing company drivers and, instead, focus solely on contract drivers and a reduction in the Debtors' remaining fleet. To that end, the Debtors engaged in a pre-petition marketing process to strategically sell various pieces of the Debtors' equipment (the "Equipment") and have also negotiated voluntary surrenders or sales of secured collateral to respective Secured Lenders, including MHC.

5. The Debtors' Chapter 11 Petitions were filed because the Debtors were unsuccessful in finalizing an out of bankruptcy restructure of certain pre-petition agreements. Post-petition, the Debtors have continued their efforts to right-size their fleet through strategic sales and/or voluntary surrenders of Equipment.

6. On July 19, 2017 the Debtors filed an Emergency Motion, Pursuant to Bankruptcy Code Sections 105(a), 363, and 365, and Bankruptcy Rules 2002, 6004, and 6006 for Entry of an Order: (I) Approving Notice and Sale Procedures; (II) Authorizing Debtors' Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests; and (III) Approving Adequate Protection Payments; and (IV) Granting Related Relief (the "Sale Procedures Motion") [Doc. No. 38]. As more fully described in the Sale Procedures Motion, the Debtors are parties to various pre-petition equipment financing and leasing agreements with various equipment finance companies, including agreements with MHC (the "MHC Agreements").

7. On July 26, 2017, the Court entered its Order on the Debtors' Sale Procedures Motion (the "Sale Procedures Order") [Doc. No. 56].

8. In accordance with the Sale Procedures Order, on September 6, 2017, the Debtors filed a Notice of Proposed Surrender of thirteen (13) Kenworth trucks to MHC. [Doc. No. 97].

9. On September 19, 2017, the Court entered its Order on Debtors' Notice of Proposed Surrender to MHC. [Doc. No. 102].

10. On November 5, 2017, MHC filed nine (9) proofs of claim totaling $2,868,289.43 against the Debtors (the "Claims"). *See* Proof of Claim Nos. 28, 29, 30, 31, 32, 33, 34 and 35 in Case No. 17-32498 and Proof of Claim No. 34 in Case No. 17-32503.

11. On May 29, 2018, the Debtors filed their Third Amended Joint Chapter 11 Plan of Reorganization of High Country Transportation, Inc. and Armada Leasing, LLC (the "Plan") [Doc. No. 295]. The Plan proposes to treat the MHC Agreements as security agreements in accordance with Class 3(d). Specifically, Article III.C.3 provides in part:

  (i)  As relates to any Retained Collateral that is subject to a Pre-Petition Agreement (as defined in the Sale Procedures Order) and that has not been sold or voluntarily surrendered pursuant to the Sale Procedures Order, the Debtors shall, solely as relates to such Retained Collateral, remain bound by and perform in accordance with the Pre-Petition Agreement, including but not limited to making such payments as remain outstanding under the Pre-Petition Agreements in accordance with the terms and conditions of the Pre-Petition Agreements, provided however, that the maturity of such Pre-Petition Agreements shall be extended as set forth in Exhibit A hereto, which additional payments shall be made as cure for any payments previously not made by the Debtors. For the avoidance of doubt, any lien granted in or to Retained Collateral pursuant to a Pre-Petition Agreement shall be retained by and for the benefit of such secured creditor holding an allowed Class 3 Claim. For the further avoidance of doubt, notwithstanding any provision of the Plan otherwise, all guaranty or surety agreements issued by an Exculpated Party or a Released Party in connection with a Pre-Petition Agreement shall continue in full force and effect, but solely as relates to Retained Collateral.

  (ii)  As relates to any Tractor that has been sold pursuant to the Sale Procedures Order, (x) a secured claim in the amount the Sale Proceeds, which shall be paid in accordance with the terms of the Sale Procedures Order, and (y) any deficiency claim, which shall be treated as either a Class 8 General Unsecured Claim unless creditor elects to accept a Class 7 Settlement Class Claim.

  (iii)  As relates to any Tractor that has been surrendered pursuant to the Sale Procedures Order, (x) the collateral, and (y) any deficiency claim, which shall be treated as a Class 8 General Unsecured Claim unless creditor elects to accept a Class 7 Settlement Class Claim.

Plan, Article III.C.3(i) – (iii).

  12.  Further, pursuant to Article VIII of the Plan, Holders of Claims and Interests who vote to accept the Plan are deemed to have released each Released Party from any and all Causes of Action (the "Releases"). *See* Article VIII.D of the Plan. Such Releases necessarily include the Debtors' principals, as guarantors of the MHC Agreements. *Id*.

<u>**STIPULATION**</u>

13. MHC maintains that only one of the MHC Agreements was a true lease,[2] and the Debtors maintain that all of the MHC Agreements are security agreements. For simplicity, the Debtors' Plan proposes to treat the MHC Agreements as security agreements, and MHC agrees to such treatment. In an effort to resolve this dispute and all other MHC objections to the Plan prior to Confirmation, and subject to the terms hereof being incorporated into a Confirmation Order acceptable to MHC confirming the Plan as modified hereby, the Parties hereby stipulate as follows:

a. MHC votes its Claims to accept the Plan, provided however, that if the Plan is not confirmed as modified by this Stipulation, MHC shall have the option to vote to reject the Plan and the deadline for MHC to vote and object to the Plan shall be deemed extended accordingly;

b. For purposes of the Plan, only, the MHC Agreements shall be deemed security agreements;

c. MHC's Claims in the agreed amounts set forth herein shall be deemed Allowed as provided herein and shall be treated in accordance with Class 3(d), as provided in Article III.C.3 of the Plan as modified herein and Class 7;

d. Notwithstanding anything to the contrary in the Plan or any order confirming the Plan, as relates to any Retained Collateral, the Debtors shall remain bound by and perform in accordance with the MHC Agreements, as modified. The parties further stipulate that the account information as shown on the below chart is true and correct and shall be binding on the Parties and the Debtors' Estates and the total of the column entitled "Payoff as of 05/31/2018" shall constitute the Allowed Secured Tractor Claim of MHC ("MHC Secured Claim"); and that MHC shall retain its Liens on the Retained Collateral until the MHC Secured Claim is paid in full, and MHC shall have no obligation to release its Lien on any unit of the Retained Collateral until said Claim is paid in full;

[2] Concerning the one MHC Agreement that MHC maintains was a true lease, the Debtors previously "surrendered" to MHC all three of the 2015 Kenworths that were the objects of same back in September, 2017.

| ACCOUNT NUMBER | PAYMENT DUE DATES | PAYMENT AMOUNT | AMOUNT PAST DUE | PAYOFF AS OF 5/31/2018 | EXTENDED MATURITY DATE |
|---|---|---|---|---|---|
| 124523, 124612, 124755, 124987, 125422, and 125704[3] | The 10th day of each and every month for 45 consecutive months commencing 6/10/2018. | $24,323.92 | 0.00 | $989,899.83 | 2/10/2022 |

e. The MHC Deficiency Claim, as per Article III.C.3.iii of the Plan, consisting of the deficiency incurred by MHC in connection with Equipment surrendered to MHC prior to Confirmation, is deemed Allowed in the amount of $162,660.17[4] before reduction pursuant to Article III.C.7. of the Plan;

f. MHC elects to have the MHC Deficiency Claim treated as a Class 7 Settlement Class Claim, as provided in Article III.C.3.iii of the Plan;

g. In accordance with Article III.C.7 of the Plan, the MHC Deficiency Claim shall be voluntarily reduced by one-third (33.33%), and on that basis, MHC shall receive its Pro Rata share of the Settlement Pool (the "MHC Deficiency Settlement");

h. Notwithstanding anything to the contrary in the Plan or any order confirming the Plan, unless and until the MHC Deficiency Settlement and the MHC Secured Claim are paid in full, MHC shall not be bound by the Releases and Injunction granted pursuant to Article VIII.A, D., and F. of the Plan. MHC shall be bound by the Channeling Injunction set forth in Article VIII.G of the Plan upon Confirmation of the Plan; and

i. In consideration for the concessions made by MHC herein, and notwithstanding anything in the Plan or Confirmation Order to the contrary, the Debtors, on behalf of themselves, the Reorganized Debtors and the Estates, waive any and all rights to pursue any Avoidance Action or other Causes of Action against MHC.

j. At any time "post-confirmation," and subject to MHC's prior approval, the Reorganized Debtors may sell any Retained Collateral, but they shall then

---

[3] The Parties have agreed to modify these six accounts into just one account "post-confirmation."

[4] This sum consists of $47,639.62 as detailed in Proof of Claim No. 28 in Case No. 17-32498, plus $58,373.52 as detailed in Proof of Claim No. 31 also in Case No. 17-32498, plus, by agreement of the Parties, $56,647.03 for accrued and unpaid fees and expenses associated with the original account numbers 124523, 124612, 124755, 124987, 125422, and 125704 referenced above.

pay the sale proceeds to MHC, and thereby reduce the then outstanding principal balance due to MHC, without any penalty for pre-payment or otherwise; and following any such sale and payment, the Reorganized Debtors' "post-confirmation" account with MHC will be modified, as appropriate, based on any such principal reduction.

Respectfully submitted this 30th day of May, 2018.

**OKIN ADAMS LLP**

By: *\/s/ Matthew S. Okin*
Matthew S. Okin
Texas Bar No. 00784695
Email: mokin@okinadams.com
David L. Curry, Jr.
Texas Bar No. 24065107
Email: dcurry@okinadams.com
1113 Vine St., Suite 201
Houston, Texas 77002
Tel: (713) 228-4100
Fax: (888) 865-2118

and

Raymond J. Urbanik
Texas Bar No. 20414050
Email: rurabanik@okinadams.com
3811 Turtle Creek Blvd., Suite 780
Dallas, Texas 75219
Tel: (214) 382-4995
Fax: (888) 865-2118

**ATTORNEYS FOR THE DEBTORS**

**REAGAN McLAIN & HATCH, LLP**

By: */s/ William Thomas McLain*
Robert J. Reagan
Texas Bar No. 16630980
William Thomas McLain
Texas Bar No. 13737680
White Rock Tower, Suite 300
6510 Abrams Road
Dallas, Texas 75231
Tel: (214) 691-6622
Fax: (214) 691-2984

**ATTORNEYS FOR MHC FINANCIAL SERVICES, INC.**

Matthew S. Okin
Texas Bar No. 00784695
David L. Curry, Jr.
Texas Bar No. 24065107
**OKIN ADAMS LLP**
1113 Vine St, Suite 201
Houston, Texas 77002
Tel: 713.228.4100
Fax: 888.865.2118
mokin@okinadams.com
dcurry@okinadams.com

Raymond J. Urbanik
Texas Bar No. 20414050
**OKIN ADAMS LLP**
3811 Turtle Creek Blvd.,
Suite 780
Dallas, Texas 75219
Tel: 214.382.4995
Fax: 888.865.2118
rurbanik@okinadams.com

Attorneys for the Debtors

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | **§** | |
| | **§** | |
| **ARMADA LEASING, LLC** | **§** | **Case No. 17-32498-11** |
| | **§** | |
| **HIGH COUNTRY TRANSPORTATION, INC.,** | **§** | **Case No. 17-32503-11** |
| | **§** | |
| | **§** | **[Jointly Administered Under Case No. 17-32498-11]** |
| | **§** | |
| | **§** | |
| **Debtors.** | **§** | **Chapter 11** |

## LIMITED SERVICE LIST
(As of April 6, 2018)

Pursuant to the Order Granting Complex Chapter 11 Bankruptcy Case Treatment, attached hereto is the Official Limited Service List for High Country Transportation, Inc. and Armada Leasing, LLC as of April 6, 2018.

**OKIN ADAMS LLP**

By:    /s/ *David L. Curry, Jr.*
     Matthew S. Okin
     Texas Bar No. 00784695
     Email: mokin@okinadams.com
     David L. Curry, Jr.
     State Bar No. 24065107
     Email: dcurry@okinadams.com
     1113 Vine St. Suite 201
     Houston, TX 77002
     Tel: (713) 228-4100
     Fax: (888) 865-2118

     and

     Raymond J. Urbanik
     Texas Bar No. 20414050
     Email: rurbanik@okinadams.com
     3811 Turtle Creek Blvd., Suite 780
     Dallas, Texas 75219
     Tel: (214) 382-4995
     Fax: (888) 865-2118

**ATTORNEYS FOR THE DEBTORS**

**DEBTORS AND DEBTORS' COUNSEL**

High Country Transportation, Inc.<br>Armada Leasing, LLC<br>c/o Kirk Crowley<br>400 North St. Paul Street<br>Suite 400<br>Dallas, Texas 75201<br>***Via email:***<br>kirk@highcountrytrans.com

Matthew S. Okin<br>Texas Bar No. 00784695<br>David L. Curry, Jr.<br>Texas Bar No. 24065107<br>**OKIN ADAMS LLP**<br>1113 Vine St, Suite 201<br>Houston, Texas 77002<br>Tel: 713.228.4100<br>Fax: 888.865.2118<br>mokin@okinadams.com<br>dcurry@okinadams.com

Raymond J. Urbanik<br>Texas Bar No. 20414050<br>**OKIN ADAMS LLP**<br>3811 Turtle Creek Blvd.<br>Suite 780<br>Dallas, Texas 75219<br>Tel: 214.382.4995<br>Fax: 888.865.2118<br>rurbanik@okinadams.com

**GOVERNMENT AGENCIES**

Lisa L. Lambert<br>Assistant United States Trustee<br>Office of the U.S. Trustee<br>Earle Cabell Federal Building<br>1100 Commerce Street, Room 976<br>Dallas, TX 75242<br>***Via email:***<br>Lisa.L.Lambert@usdoj.gov

Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346

Texas Comptroller<br>PO Box 149348<br>Austin, TX 78714-9348

**SECURED CREDITORS**

Paccar Financial Corp.<br>Dept. 1166<br>PO Box 121166<br>Dallas, TX 75132-1166

Volvo Financial Services<br>PO Box 7247-0236<br>Philadelphia, PA 19170-0236

Mercedez-Benz Financial Services<br>PO Box 5261<br>Carol Stream, IL 60197-5261

Citizens National Bank of Texas<br>PO Box 717<br>Waxahachie, TX 75168

Marquette Transportation Finance, Inc.<br>1600 W 82nd Street, #250<br>Bloomington, MN 55431

1st Source Bank<br>PO Box 783<br>South Bend, IN 46624

Scottrade Bank<br>PO Box 956951<br>St. Louis, MO 63131

The Dolores State Bank<br>101 South 6th Street<br>Dolores, CO 81323

Signature Financial, LLC<br>PO Box 5524<br>Hicksville, NY 11802-5524

BMO Harris Bank N.A.<br>PO Box 71810<br>Chicago, IL 60694-1810

People's Capital and Leasing Corp.<br>PO Box 0254<br>Brattleboro, VT 05302-0254

MHC Financial Services, Inc.<br>PO Box 412582<br>Kansas City, MO 64141-2582

Daimler Truck Financial
PO Box 901
Roanoke, TX 76262

Merchants Capital Resources, Inc.
7600 Parklawn Avenue
Suite 384
Minneapolis, MN 55435

Webster Capital Finance
PO Box 330
Hartford, CT 06141-0330

General Electric Capital Corp.
901 Main Avenue
Norwalk, CT 06851

Financial Pacific Leasing
3818 E. Coronado St., Suite 100
Anaheim, CA 92807

Lease Corporation of America
3150 Livernois Road, Suite 300
Troy, MI 48083

OneWorld Business Finance
Attn: Heather Straight
2407 S. Congress Ave.
Suite E-224
Austin, TX 78704
Tel: 1.855.698.6676
***Via Email***:
hstraight@oneworldbusinessfinance.com

M2 Lease Funds, LLC
175 N. Patrick Blvd., Suite 140
Brookfield, WI 53045

EverBank Commercial Finance, Inc.
10 Waterview Blvd.
Parsippany, NJ 07054

Banc of America Leasing & Capital, LLC
135 S. LaSalle St.
Chicago, IL 60674

Securewise Enterprises, Inc.
8014 E. Via De Viva
Scottsdale, AZ 85258

Key Equipment Finance
PO Box 74713
Cleveland, OH 44194-0796

Chase Auto Finance
PO Box 78068
Phoenix, AZ 85062-8068

Ford Credit Company LLC
PO Box 790093
St. Louis, MO 63179

## TWENTY LARGEST CREDITORS

Bruckners
Dept. 100
PO Box 830604
Birmingham, AL 35283

Freightline, LLC
3482 Keith Bridge Rd., Suite 178
Cumming, GA 30041

Love's Travel Stops & Country Stores
PO Box 842568
Kansas City, MO 64184-2568

Michelin North America, Inc.
12398 Collections Center Dr.
Chicago, IL 06069-3000

Cantwell Power Solutions
2727 East Loop
820 South
Fort Worth, TX 76119

Inland Kenworth, Inc.
3924 South Bloomfield Hwy.
Farmington, NM 87401

Nets Trailer Leasing of Texas, LLC
1808 River Road
Burlington Township, NJ 08016

Pilot Flying J
5508 Lonas Dr.
Knoxiville, TN 37909

Best Deal Springs, Inc. & Truck Parts
444 E. 100 N.
Payson, UT 84651

Interstate Billing Service, Inc.
PO Box 2208
Decatur, AL 35609-2208

Omnitracs, Inc.
File No. 54210
Los Angeles, CA 90074-4210

Randall-Reilly Publishing Co, LLC
PO Box 2029
Tuscaloosa, AL 35403

Western Equipment, LLC
PO Box 748
Cortez, CO 81321

AVI Risk Management
PO Box 5220
Farmington, NM 87499

**PARTIES REQUESTING NOTICE**

Carrington, Coleman, Sloman & Blumenthal, L.L.P.
Attn: J. Michael Sutherland
901 Main Street, Suite 5500
Dallas, TX 75202
Tel: (214) 855-3000
Fax: (214) 855-1333
***Via Email***:
msutherland@ccsb.com

Foley & Mansfield, P.L.L.P.
Attn: Thomas J. Lallier
Attn: Cameron A. Lallier
250 Marquette Avenue
Suite 1200
Minneapolis, MN 55401
Tel: (612) 338-8788
Fax: (612) 338-8690
***Via Email***:
tlallier@foleymansfield.com
clallier@foleymansfield.com

Linebarger Goggan Blair & Sampson, LLP
Attn: Elizabeth Weller
Attn: Laurie A. Spindler
2777 N. Stemmons Freeway
Suite 1000
Dallas, TX 75207
Tel: (214) 880-0089
Fax: (469) 221-5003
***Via Email***:
dallas.bankruptcy@publicans.com

Reagan, McLain & Hatch, LLP
Attn: William Thomas McLain
White Rock Tower, Suite 300
6510 Abrams Road
Dallas, TX 75231
Tel: (214) 691-6622
Fax: (214) 691-2984

Shackelford, Bowen, McKinley & Norton, LLP
Attn: Frances A. Smith
9201 N. Central Expressway
4th Floor
Dallas, TX 75231
Tel: (214) 780-1400
Fax: (214) 780-1401
***Via Email***:
fsmith@shackelfordlaw.net

Strasburger & Price L.L.P.
Attn: Robert P. Franke
Attn: Andrew G. Edson
901 Main St., Suite 6000
Dallas, TX 75202
Tel: (214) 651-4300
Fax: (214) 651-4330
***Via Email***:
Robert.Franke@strasburger.com
Andrew.Edson@strasburger.com

Haley & Olson, P.C.
Attn: Shad Robinson
100 Ritchie Road, Suite 200
Waco, TX 76712-8544
Tel: (254) 776-3336
Fax: (254) 776-6823
***Via Email***:
srobinson@haleyolson.com

Forshey Prostok, LLP
Attn: Lynda L. Lankford
777 Main Street, Suite 1290
Fort Worth, TX 76102
Tel: (817) 878-2022
Fax: (817) 877-4151
***Via Email***:
llankford@forsheyprostok.com

Cooksey, Toolen, Gage, Duffy & Woog
Attn: Kim P. Gage
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626
Tel: (714) 431-1100
Fax: (714) 431-1119
***Via Email***:
kgage@cookseylaw.com

Kane Russell Coleman Logan PC
Attn: Michael P. Ridulfo
5051 Westheimer Road, 10th Floor
Houston, TX 77056
Tel: (713) 425-7400
Fax: (713) 425-7700
***Via Email***:
mridulfo@krcl.com

Guebert Bruckner P.C.
Attn: Lawrence A. Junker
PO Box 93880
Albuquerque, NM 87199-3880
Tel: (505) 823-2300
***Via Email***:
ljunker@guebertlaw.com

Wilcox Law, PLLC
Attn: Stephen G. Wilcox
PO Box 201849
Arlington, TX 76006
Tel: (817) 870-1694
Fax: (817) 870-1181
***Via Email***:
swilcox@wilcoxlaw.net

Kessler & Collins
Attn: Tera D. Johnson
Attn: Howard C. Rubin
2100 Ross Avenue, Suite 750
Dallas, TX 75201
Tel: (214) 379-0722
Fax: (214) 373-4714
***Via Email***:
tjohnson@kesslercollins.com
hrubin@kesslercollins.com

Strasburger & Price, LLP
Attn: Robert P. Franke
Attn: Andrew G. Edson
901 Main St., Suite 6000
Dallas, TX 75202
Tel: (214) 651-4300
Fax: (214) 651-4330
***Via Email***:
Robert.Franke@strasburger.com
Andrew.Edson@strasburger.com

McGinnis, Lochridge & Kilgor, L.L.P.
Attn: Christopher L. Halgren
Attn: Ian F. McNeill
711 Louisiana Street, Suite 1600
Houston, TX 77002
Tel: (713) 615-8500
Fax: (713) 615-8585
***Via Email***:
chalgren@mcginnislaw.com
imcneill@mcginnislaw.com

J.R. Jones Law PLLC
Attn: John R. Jones
6026 Remson Hollow Lane
Katy, TX 77494
Tel: (281) 665-3851
Fax: (832) 550-2528
***Via Email***:
john@jrjoneslaw.com

Cowles & Thompson, PC
Attn: Stephen C. Stapleton
901 Main St., Suite 3900
Dallas, Texas 75202
Tel: (214) 672-2109
Fax: (214) 672-2309
***Via Email***:
sstapleton@cowlesthompson.com

Padfield & Stout, L.L.P.
Attn: Christopher V. Arisco
Attn: Mark W. Stout
421 West Third Street, Suite 910
Fort Worth, Texas 76102
Tel: (817) 338-1616
Fax: (817) 338-1610
***Via Email***:
carisco@padfieldstout.com
mstout@padfieldstout.com

Haynes and Boone, LLP
Attn: Jarom J. Yates
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Tel: (214) 651-5000
Fax: (214) 651-5940
***Via Email***:
jarom.yates@haynesboone.com

Haynes and Boone, LLP
Attn: Ian T. Peck
Attn: David Staab
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Tel: (214) 651-5000
Fax: (214) 651-5940
***Via Email***:
ian.peck@haynesboone.com
david.staab@haynesboone.com